UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

MELANIE M. ROSARIO

   Plaintiff,

v.

UNIVERSIDAD CRISTIANA LOGOS, INC.

   Defendant,

_____/

## COMPLAINT

  The Plaintiff MELANIE M. ROSARIO by and through undersigned counsel, hereby sues Defendant UNIVERSIDAD CRISTIANA LOGOS, INC, on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff MELANIE M. ROSARIO, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to her by the Defendant's discriminatory treatment on the basis of her Sex and for Retaliation.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Jacksonville, Duval County, within the jurisdiction of this Honorable Court.

## PARTIES

6. The Plaintiff MELANIE M. ROSARIO is a resident of Jacksonville, Duval County, who was employed by Defendant and is a member of certain protected classes of persons.

7. Corporate Defendant UNIVERSIDAD CRISTIANA LOGOS, INC (hereinafter, "UNIVERSIDAD LOGOS", or Defendant), is a Not for Profit Corporation authorized to conduct business in the State of Florida, in Jacksonville, Duval County, Florida, and within the jurisdiction of this Court.

8. Defendant UNIVERSIDAD LOGOS is engaged and affects interstate commerce and at all material times relevant hereto they had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

## PROCEDURAL REQUIREMENTS

9. All conditions precedent for this action has been fulfilled. On or about October 24, 2018, Plaintiff MELANIE M. ROSARIO dual-filed her Charge of Discrimination with

the EEOC, and with the Florida Commission on Human Relations within 300 days of

the alleged violation. To date, over six (6) months have passed since the filing of the

complaints.   Upon request, the U.S. Equal Employment Opportunity Commission

issued the on or about August 13, 2019, a "Notice of Right to Sue" with respect to such

Charge of Discrimination (No. 510-2019-00595). Accordingly, the present complaint

is being filed within 90 days of the date Plaintiff receive the Notice of Right to Sue.

*See* **Exhibit "A".**

## STATEMENT OF FACTS

10. Defendant UNIVERSIDAD LOGOS is a private university offering Christian and

    secular career education. Upon information and belief, the Defendant has other

    branches and associated institutions providing UNIVERSIDAD LOGOS' curriculum.

11. Defendant UNIVERSIDAD LOGOS has a place of business at 9310 Old Kings Road,

    Suite 801, Jacksonville Florida 32257, where Plaintiff worked.

12. On or about October 28, 2015, UNIVERSIDAD LOGOS hired Plaintiff MELANIE M.

    ROSARIO as an Administrative Assistant.  The Plaintiff worked for this Institution

    until October 08, 2018, or almost 3 years (2 years, 11 months, plus 10 days).

13. The Plaintiff was hired as a non-exempted full-time employee, hourly employee.  The

    Plaintiff's last wage-rate was $10.75 an hour.

14. Throughout her employment at UNIVERSIDAD LOGOS, the Plaintiff performed her

    duties satisfactorily. The Plaintiff possessed all the required skills, training and

    qualifications for the job in question, and performed her duties without significant issue

    or controversy.

15. The Plaintiff worked under the direct supervision of the President and Director of UNIVERSIDAD LOGOS, Dr. Roberto Sanchez.

16. However, during her time of employment with UNIVERSIDAD LOGOS, the Plaintiff suffered Sex discrimination in the form of sexual harassment.

17. This discrimination and sexual harassment were perpetrated by the Director of UNIVERSIDAD LOGOS, Dr. Roberto Sanchez, which was an individual with authority to alter and determine the Plaintiff's terms and conditions of employment.

18. Beginning in 2016, the Director, Dr. Roberto Sanchez began to subject Plaintiff to unwelcome sexual harassment. In the beginning, Plaintiff caught Dr. Roberto Sanchez staring at her very often, and she did not realize what was happening, but she felt observed and terribly uncomfortable. Every day Dr. Roberto Sanchez made repeated compliments on the Plaintiff's physical appearance and comments about how beautiful she looked.

19. Frequently Plaintiff was called by her boss, Director Dr. Roberto Sanchez's to his office to discuss or review any work issue, and then these conversations quickly turned personal when the Director asked Plaintiff about her private life and her dating activity.

20. Frequently Dr. Roberto Sanchez invited Plaintiff to church, offered her money in exchange for going to church, and gave her some donation money. Dr. Roberto Sanchez gave Plaintiff a few checks, each for a small amount of money. He said he did it because he saw the Plaintiff as a daughter.

21. Soon, the Director became openly flirtatious and daring with the Plaintiff, he escalated his wrongful conduct and constantly asked Plaintiff to go out on a date. The Plaintiff refused, but he insisted anyway. The Director requested Plaintiff to take him some

coffee, so he could see her, and he was always looking for pretexts to call Plaintiff to his office and make sexual advances towards her.

22. At that point, Plaintiff felt sexually harassed, and she protested and opposed to the misconduct of Dr. Roberto Sanchez. The Plaintiff let Dr. Roberto Sanchez clearly know that she was not interested in getting involved with him in any kind of relationship and that she had a boyfriend. The Plaintiff explained her boss that his conduct was completely unwelcome, wrongful and that it was causing her deep trouble, not only for his unwelcome sexual harassment but because she was very concerned about the proximity of Dr. Roberto Sanchez' s wife, Human Resources Manager, Rebekah Sanchez.

23. The Plaintiff did not get any relief from her complaint. On the contrary she was subjected to more sexual harassment. In complete disregard for the Plaintiff's complaint, Dr. Roberto Sanchez continued his sexual harassment against her. The Director continued inviting Plaintiff to have lunch with him, calling Plaintiff to his office with any pretext, commenting about Plaintiff's looks, trying to know about Plaintiff's personal life, he even requested the cell number of Plaintiff's boyfriend and made many completely inappropriate comments every day.

24. The Sexual harassment of Dr. Roberto Sanchez towards the Plaintiff was so frequent and pervasive that affected her conditions of employment by creating a hostile working environment. The Plaintiff perceived her work environment to be sexually abusive and hostile. The Plaintiff's continued employment was subjected to her submission to the sexual demands of her superior.

25. The Plaintiff experienced humiliation and embarrassment, and she wanted to put an end to the harassment she was suffering, but at the same time she was in a very delicate situation, she felt intimidated. The Plaintiff was afraid, it was very hard for her having to complain to H.R Rebekah Sanchez, the wife of the Director, Dr. Roberto Sanchez.

26. Notwithstanding the discriminatory treatment suffered, the Plaintiff needed her employment, and she decided to keep calm and tried to cope with the harassment of the Director, Dr. Roberto Sanchez.

27. On the other hand, the Plaintiff's continued rejection of Dr. Roberto Sanchez's sexual advances made him resentful and less tolerant, and he changed his conduct to a less polite, and less respectful treatment towards Plaintiff. Dr. Roberto Sanchez retaliatorily and unfairly admonished Plaintiff several times, and he even yelled at her without any reason.

28. Nevertheless, on or about October 01, 2019, the Director, Dr. Roberto Sanchez called Plaintiff to his office to show her a project. The Director requested Plaintiff to get closer, after the presentation, Dr. Roberto Sanchez told Plaintiff: "I do not know what you have that gets me this way" and simultaneously he grabbed Plaintiff by the arms, he restrained her and forcefully tried to kiss Plaintiff on the mouth. The Plaintiff pushed him very hard and run away from the office in shock and disbelief.

29. The next day, October 02, 2018, the Plaintiff called sick, and that evening, she sent a complaint to H.R Rebekah Sanchez. The Plaintiff complained about the Sexual harassment that she had been suffering for so long, and the sexual assault perpetrated by her husband Dr. Roberto Sanchez against her the day before.

30. On or about October 03, 2018, Plaintiff reported to work, and Mrs. Rebekah Sanchez asked her not to tell anybody about the Sexual harassment and offer Plaintiff money to keep her silent.

31. On Friday, October 4, 2018, H.R Manager Rebekah Sanchez spoke to Plaintiff again and told her that she had already received advice from a lawyer. H.R Manager Rebekah Sanchez accused Plaintiff of destroying her marriage, she also told Plaintiff: "You dress in a provocative way, and you know that the flesh is weak".  H.R Manager Rebekah Sanchez told Plaintiff: "what do you want, money? and she offered Plaintiff 2 months of salary plus one-week vacation, in the alternative she offered Plaintiff also a transfer to another department in exchange for her silence. At the same time, Rebekah Sanchez also made threats against Plaintiff if she did not accept the deal.

32. H.R Manager Rebekah Sanchez told Plaintiff that if she filed any claim, she would not get employment never again, because she was going to give bad references about her.

33. On Monday, October 08, 2018 Plaintiff sent to Human Resources her resignation letter due to the sexual harassment of Director and the retaliatory threats of H.R Manager Rebekah Sanchez.

34. On or about October 08, 2018, the Plaintiff was constructively discharged. The Defendant had created a hostile working environment, it had imposed intolerable working conditions upon Plaintiff, and there was not an effective internal grievance procedure, H.R Manager Rebekah Sanchez was threatening her. No reasonable person could continue working under those circumstances.

35. At the time of her constructive discharge, Plaintiff performed her duties satisfactorily. There was no reason other than discrimination and retaliation for Plaintiff's constructive discharge.

36. The effect of the practices described above has been to deprive the Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her Sex (female).

37. The effect of the practices described above has been to deprive the Plaintiff of equal employment opportunities and otherwise affected her status as employee because of her engagement in protected activities in opposition to unlawful discriminatory practices.

38. The unlawful practices described above were intentional and caused the Plaintiff to suffer great emotional distress.

39. Plaintiff MELANIE M. ROSARIO has suffered double damaged and will continue to suffer both irreparable injury and damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON SEX: SEXUAL HARASSMENT

40. Plaintiff MELANIE M. ROSARIO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. At all times material hereto, the Employer/Defendant UNIVERSIDAD LOGOS failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

42. The discrimination of the Plaintiff by Defendant UNIVERSIDAD LOGOS was caused by Defendant being aware of Plaintiff's Sex.

43. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex.

44. At all relevant times, including the time of discrimination, Defendant UNIVERSIDAD LOGOS was aware that Plaintiff was a female.

45. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

46. The Plaintiff was qualified for the position apart from her apparent Sex.

47. The Plaintiff was sexually harassed by Defendant's superior because Plaintiff was a female.

48. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

49. The failure of Defendant UNIVERSIDAD LOGOS to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

50. Defendant UNIVERSIDAD LOGOS, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected

rights, discriminated against Plaintiff on account of her Sex in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

51. Plaintiff MELANIE M. ROSARIO was constructively terminated by the Defendant UNIVERSIDAD LOGOS, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

52. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

53. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant UNIVERSIDAD LOGOS is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex and complaints related to the unlawful acts of discrimination and sexual harassment.

54. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination on the basis of Sex constitutes unlawful discrimination.

55. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MELANIE M. ROSARIO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining the Defendant UNIVERSIDAD LOGOS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex.

B.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant UNIVERSIDAD LOGOS to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E.  Award a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

G.  Award attorney's fees and costs.


### JURY TRIAL DEMAND

Plaintiff MELANIE M. ROSARIO demands a trial by jury on all issues triable as of right by a jury.


### COUNT II:
### VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964:
### RETALIATORY CONSTRUCTIVE DISCHARGE

56. The Plaintiff MELANIE M. ROSARIO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

57. At all times material hereto, the Employer/Defendant UNIVERSIDAD LOGOS failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

58. The Defendant, UNIVERSIDAD LOGOS is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

59. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

60. Defendant UNIVERSIDAD LOGOS through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff MELANIE M. ROSARIO on account of Plaintiff's complaints of Discrimination and Sexual harassment.

61. During her employment with Defendant, the Plaintiff suffered Sex discrimination in the form of sexual harassment.

62. The Plaintiff reasonably engaged in protected activity by verbally opposing and complaining about the unlawful Sex discrimination and Sexual harassment of Director Dr. Roberto Sanchez.

63. On or about October 2, 2018, the Plaintiff complained in writing about sexual harassment to H.R Manager Rebekah Sanchez.

64. As a result, the Plaintiff suffered retaliatory threats, and she was constructively discharged on or about October 8, 2018.

65. On or about October 08, 2018, Plaintiff was forced to resign from her employment due to the hostile working environment, and retaliatory threats she was suffering, no reasonable person could continue working in such difficult and unpleasant conditions.

66. On or about October 08, 2018, the Plaintiff was constructively discharged by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful Sex discrimination in the form of sexual harassment in violation of Federal Law.

67. The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

68. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about October 2, 2018.

69. Any alleged nondiscriminatory reason for the constructive discharge of Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex Discrimination and sexual harassment.

70. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to their complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

71. As a result of the retaliation, Plaintiff MELANIE M. ROSARIO has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

72. At the time that Plaintiff MELANIE M. ROSARIO reported the discrimination and sexual harassment to her superiors, the Plaintiff suffered adverse employment action, in violation of the anti-retaliation provision of Title VII.

73. Defendant UNIVERSIDAD LOGOS'S acts, through their agents, were done with malice and reckless disregard for the Plaintiff's federally protected civil rights.

74. Defendant UNIVERSIDAD LOGOS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, sexual harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

75. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MELANIE M. ROSARIO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order the Defendant UNIVERSIDAD LOGOS to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MELANIE M. ROSARIO demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER</u>**
**<u>760: DISCRIMINATION BASED ON SEX</u>**

76. The Plaintiff MELANIE M. ROSARIO re-adopts every factual allegation as stated in paragraphs 1-39 and above as if set out in full herein.

77. At all times material hereto, the Employer/Defendant UNIVERSIDAD LOGOS failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

   *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race,* Color, *Religion, Sex, National Origin, Age, Handicap, or Marital Status"*

78. The discrimination of Plaintiff MELANIE M. ROSARIO by Defendant UNIVERSIDAD LOGOS was caused by the Defendant being aware of Plaintiff's Sex.

79. At all relevant times, including the time of discrimination, Defendant UNIVERSIDAD LOGOS was aware that Plaintiff was a female.

80. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant. The Plaintiff was qualified for the position apart from her apparent Sex.

81. The Plaintiff was discriminated against and sexually harassed by UNIVERSIDAD LOGOS' Director, Dr. Roberto Sanchez because Plaintiff was a female.

82. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

83. The failure of Defendant UNIVERSIDAD LOGOS to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

84. Defendant UNIVERSIDAD LOGOS through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff MELANIE M. ROSARIO on account of her Sex in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

85. The Plaintiff was constructively discharged by the Defendant UNIVERSIDAD LOGOS, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

86. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MELANIE M. ROSARIO suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

87. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant UNIVERSIDAD LOGOS, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex and complaints related to the unlawful acts of discrimination and sexual harassment.

88. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination on the basis of Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

89. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MELANIE M. ROSARIO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant UNIVERSIDAD LOGOS its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant UNIVERSIDAD LOGOS to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff MELANIE M. ROSARIO demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;**
**RETALIATORY CONSTRUCTIVE DISCHARGE**

90. Plaintiff MELANIE M. ROSARIO re-adopts every factual allegation as stated in paragraphs 1-39 and 76-89 of this Complaint as if set out in full herein.

91. This is an action against Defendant MELANIE M. ROSARIO for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, and (FCRA).

92. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

93. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

94. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

95. During her employment with Defendant UNIVERSIDAD LOGOS, the Plaintiff was subjected to Sex discrimination in the form of Sexual harassment.

96. The Plaintiff reasonably engaged in protected activity by verbally opposing and complaining about the unlawful Sex discrimination and Sexual harassment of Director Dr. Roberto Sanchez.

97. On or about October 2, 2018, the Plaintiff complained in writing to H.R Manager Rebekah Sanchez about the Sex discrimination and sexual harassment perpetrated by the Director of UNIVERSIDAD LOGOS, Dr. Roberto Sanchez.

98. As a result, the Plaintiff suffered retaliatory threats, and she was constructively discharged on or about October 8, 2018.

99. Moreover, on or about October 8, 2018, the Plaintiff was forced to resign from her employment due to the hostile working environment she was suffering, no reasonable person could continue working in such difficult and unpleasant conditions.

100.  On or about October 8, 2018, the Plaintiff was constructively discharged by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful Sex discrimination and sexual harassment in violation of the FCRA, *Fla. Stat. Section 760.10,* (7).

101.  The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

102.  Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about October 02, 2018.

103.   Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex Discrimination and sexual harassment.

104.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex, and retaliation due to her complaints of unlawful discrimination and Sexual harassment. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

105.   Defendant UNIVERSIDAD LOGOS'S acts, through its agents, were done with malice and reckless disregard for the Plaintiff's State protected civil rights.

106.   Defendant UNIVERSIDAD LOGOS is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

107.   As a direct and proximate result of the actions and omissions of the Defendant, the Plaintiff has suffered serious monetary losses and has suffered emotional distress, embarrassment and humiliation, and the violation of her statutory rights.

108.   The Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering and will continue to suffer, irreparable injury in the form of psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

109.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MELANIE M. ROSARIO respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant UNIVERSIDAD LOGOS its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B.  Award Plaintiff a judgment against the Defendant UNIVERSIDAD LOGOS for compensatory damages as determined by the Trier of fact;

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant UNIVERSIDAD LOGOS;

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff MELANIE M. ROSARIO demands a trial by jury on all issues triable as of right by a jury.

Dated:  October 30, 2019

                        Respectfully submitted,

By: /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*